EDWARD S. SMITH, Senior Circuit Judge,
concurring:
I write separately, not because I disagree with the majority opinion in what it says, but because I feel constrained to place the stagelight of emphasis on a different spot.
Silvers filed an involuntary bankruptcy petition on behalf of the Parklane/Atlanta Joint Venture. The bankruptcy court assumed jurisdiction over the petition by means of a discretionary referral to an Article I unit of the Article III district court in accordance with 28 U.S.C.A. §§ 151, 157(a) (West Supp.1990).
I have considered intensely arguments such as that which would resolve the issue *539 at hand on the basis of Historical and Revision Notes, Senate Report No. 95-989, U.S. Code Cong. & Admin.News 1978, p. 5787, last paragraph, appended to 11 U.S.C. § 305 (1988), a pre-1984 provision recognizing authority of the bankruptcy courts to decide matters of abstention without review, which provision survived the 1984 enactments.
The discretion to refer, possessed by the Article III district courts, is accompanied by the corresponding power to withdraw the reference. Although the latter power carries the additional requirement of cause shown, I perceive that requirement to be a limitation on discretion and not a limitation on jurisdiction. I understand the argument that a challenge to Constitutionality is one of legality and perceivably not the same as “cause”; but courts traditionally do not bring in the 16-inch guns of the Constitution when an issue may be resolved with a lesser application of power. The clarity of the district court’s inherent jurisdiction to determine its own jurisdiction is unquestioned. U.S. v. United Mine Workers of America, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947). Equally clear is “... [T]he power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.” Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). The district court may not be hamstrung in the exercise of its jurisdiction by a debate as to whether a showing, clearly sufficient, is “cause”, is an “exercise of discretion”, or is a Constitutional attack.
The discretion possessed by United States District Courts is broad, but discretion, as a power, is less absolute than jurisdiction. The requirement of cause shown, before discretion may be exercised, may not be so restrictive that it constitutes a transfer of jurisdiction which would be impermissible under the Constitution. Jurisdiction over bankruptcy cases is vested in the Article III district courts pursuant to 28 U.S.C.A. § 1334(aHb) (West Supp.1990). After the tumultuous history of the bankruptcy court legislation, the jurisdiction footed in the district courts is as clear as a glass slipper and it may not be slipper-spooned onto the bankruptcy courts. I concur in the decision to affirm the district court.